## 19164

The STATE, Respondent, v. Alphonso DUCKSON, Appellant

(179 S. E. (2d) 40)

*Messrs. Richard M. Kennedy, Jr., Robert G. Price, Lincoln C. Jenkins, Jr., Matthew J. Perry,* and *Mrs. Betty McBride Sloan,* all of Columbia, *for Appellant,*

*Messrs Daniel R. McLeod, Atty. Gen., Joel E. Gottlieb, Asst. Atty. Gen.,* of Columbia, and *Julian S. Wolfe, Esq., Solicitor,* of Orangeburg, *for Respondent,*

February 3, 1971.

BRAILSFORD, Justice.

The defendant appeals from his conviction of murder and sentence to life imprisonment.

The first question argued in the brief charges error in admitting evidence as to an inculpatory statement made by the defendant while in custody and in admitting in evidence the death weapon, a pistol, to which the investigating officers had been led by the challenged statement.

The defendant contends that this evidence was elicited from him by custodial interrogation failing to comply with the principles promulgated by the Supreme Court of the United States in *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966), and that its admission violated his privilege against self-incrimination.

When this objection was timely made at the trial, the burden was cast upon the State to establish that the defendant, receiving the benefit of "procedural safeguards" required by *Miranda,* voluntarily and intelligently waived the privilege. The State was required to establish such waiver in an independent hearing before a tribunal other than the trial jury. *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908 (1964). The record shows that such a hearing was requested by the defendant but refused by the trial judge. This was error.

Finally, it is urged that the court erred in failing to direct a verdict for the defendant because of the insufficiency of the evidence to establish a conspiracy. Since the defendant was convicted of murder, we find no merit here.

The case must be remanded to the circuit court so that an adequate evidentiary hearing may be conducted on whether by *Miranda* standards, with respect to the evidence admitted against him, the defendant's privilege against self-incrimination was voluntarily and intelligently waived. *State v. Curley,* 253 S. C. 513, 171 S. E. (2d) 699 (1970), and cited cases. If upon such hearing this issue shall be resolved against the defendant, his conviction shall be affirmed by order of this court. Otherwise, an order granting a new trial shall be issued.

Remanded for further proceedings in accordance herewith.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, J. J., concur.

## ORDER

May 11, 1971.

*Per Curiam.*

It having been determined by the Circuit Court, after an evidentiary hearing, that with respect to the evidence admitted against the defendant, his privilege against self-incrimination was voluntarily and intelligently waived, his conviction is, therefore, affirmed.